IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | :<br>:<br>: |
| vs. | : CRIMINAL NO. 1:CR-06-304-01 |
| ALBERT CASTRO,<br>　　　　Defendant | :<br>:<br>: |

*M E M O R A N D U M*

I. *Introduction*

　　　　Defendant, Albert Castro, has filed a pro se motion under 18 U.S.C. § 3582(c)(2). The motion asserts the following grounds for relief: (1) Defendant is entitled to a reduction in his sentence under Amendment 599 to the Sentencing Guidelines, which has retroactive effect by virtue of U.S.S.G. § 1B1.10(c); (2) "post-*Booker* law," *see United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), may lead to a shorter sentence; and (3) Defendant pled guilty to a crime he was not indicted for, 21 U.S.C. § 841(a)(1), which makes him actually innocent of the sentence imposed.

　　　　We can grant no relief.

II. *Background*

　　　　Defendant was indicted on September 6, 2006. In May 2007, he pled guilty to counts I, XIV, and XVI of a second superseding indictment. Count I of that indictment charged him with a violation of 18 U.S.C. § 922(a)(6), making false written statements to obtain firearms in that he falsely represented that he was the true purchaser of the firearms when he was actually purchasing them for someone else. Count XIV charged

him with a violation of 18 U.S.C. § 924(c), possessing numerous firearms in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute crack cocaine. Count XVI charged him with a violation of 18 U.S.C. § 922(a)(5), transferring a firearm to a person out of state.

A presentence report (PSR) was prepared. The PSR noted that "cooperating witnesses" reported that Defendant, along with others, "packaged two to three 'eight-balls' of crack cocaine every two to three days into smaller quantities for resale in York, Pennsylvania. . . . for at least a six month period . . ." (Doc. 75, ¶ 23). The PSR also set forth in paragraph 22 Defendant's description of the firearms he illegally supplied across state lines.

Under U.S.S.G. § 3D1.2(b), counts I and XVI were grouped for sentencing purposes. Under U.S.S.G. § 2K2.1(c)(1), Defendant's drug quantity was used to establish his base offense level for these counts.[1] Based on the statements of the cooperating witnesses in paragraph 23, the drug quantity was calculated as at least 150 grams but less than 500 grams of crack cocaine, for a base offense level of 34. (PSR ¶ 32). Three points were deducted for acceptance of responsibility for a total offense level of 31. Defendant's criminal history category was calculated to be IV. This produced a guideline range of 151 to 188 months, but since the statutory maximum sentence was fifteen years, the guideline range became 151 to 180 months.

As pertinent here, Defendant's counsel made two objections to the PSR. First, he objected to the drug quantity, saying it should only be five to twenty grams. Second, he objected that Defendant's admissions in paragraph 22 violated the proffer agreement as these admissions were used to set the guideline range. He also made a

---

[1] Count XIV was treated separately because this count carried a mandatory sixty-month sentence to run consecutively to any other sentence.

request that any sentence take into account the 100:1 disparity between crack cocaine and powder cocaine.

At sentencing on August 15, 2007, the court used a drug quantity of fifty to 150 grams, based on the parties' prehearing stipulation, for a base offense level of 32. As noted below, the stipulation resulted from the efforts of defense counsel.[2] Subtracting three points for acceptance of responsibility gave Defendant a total offense level of 29. Combined with a criminal history category of IV, this gave Defendant a range of 121 to 151 months.

Defense counsel moved the court for a downward departure in the criminal history category from IV to III on the ground that category IV overstated the seriousness of Defendant's criminal history. In line with his objections, he also moved for a variance based on the disparity in crack- and powder-cocaine sentencing. The court agreed with both motions. It also granted the government's motion for a downward departure based on substantial assistance. The court concluded that the departure and variance resulted in a guideline range of 56 to 85 months. Defendant was sentenced to a total term of 126 months' incarceration, consisting of 66 months on count I, 33 months on count XVI, to run concurrently with count I, and 60 months on count XIV, as required by statute to run consecutively to the sentences on the two other counts.

In June 2008, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. After a hearing, we denied the motion on December 22, 2008, *see United States v. Castro*, 2008 WL 5378289 (M.D. Pa.), and the Third Circuit denied a certificate of appealability in July 2009.

---

[2] The government also noted that the drug quantity was established before sentencing by agreement of the parties. (Doc. 144, p. 9).

3

In June 2008, Defendant filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence under Amendment 706 to the Sentencing Guidelines.[3] On December 23, 2008, we granted that motion, and a supplemental motion, by reducing Defendant's sentence on Count I from 66 months to 63 months. We were upheld on appeal. *United States v. Castro*, 345 F. App'x 846 (3d Cir. 2009)(nonprecedential).

III. *Discussion*

We can grant no relief. In regard to Defendant's reliance on Amendment 599, that amendment does have retroactive effect. However, it became effective on November 1, 2000, *before* Defendant's sentencing on August 15, 2007. A 3582(c)(2) motion cannot assist him in these circumstances. *See United States v. Potts*, 317 F. App'x 108, 110 n.2 (3d Cir. 2009)(per curiam)(nonprecedential)("A motion to modify pursuant to 18 U.S.C. § 3582(c)(2) is only appropriate where the sentencing range applicable to the defendant has been lowered after sentencing has already taken place, and the change has been made retroactive.").

In any event, the sentence did not violate Amendment 599. That amendment "expanded the commentary to U.S.S.G. § 2K2.4 on use of a firearm during or in relation to certain crimes, and clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses." *United States v. Johnson*, 290 F. App'x 458, 459 (3d Cir. 2008)(per curiam)(nonprecedential). As noted above, in calculating Defendant's sentencing range, no weapons enhancements were imposed.

---

[3] Amendment 706, effective November 1, 2007, generally reduced the base offense level for crack cocaine offenses by two levels. It was made retroactive to sentences imposed before it took effect.

In regard to Defendant's second ground, he cannot invoke *Booker*, either on a section 3582(c)(2) motion, *see Dillon v. United States*, _ U.S. _, _, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010)("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*."), or on some kind of freestanding request for a sentence reduction. *Id.* at _, 130 S.Ct. at 2687 ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(per curiam)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.") (citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)).

In regard to defendant's third ground for relief, that he was convicted of a section 841(a)(1) offense when he was not indicted for that offense, it must be considered under section 2255 since it is an attack on his conviction and sentence. However, Defendant already filed a 2255 motion and has had it considered on the merits. We therefore lack jurisdiction to consider a second 2255 motion. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir. 2009)(per curiam) (nonprecedential). Defendant is free to seek the approval of the court of appeals to file a second 2255 motion. *See* 28 U.S.C. § 2244(b). In any event, as noted above, Defendant was not convicted of a section 841(a)(1) offense, so the claim lacks merit.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 12, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
:
    vs. : CRIMINAL NO. 1:CR-06-304-01
:
ALBERT CASTRO,
    Defendant :

*O R D E R*

AND NOW, this 12th day of January, 2011, it is ordered that Defendant's pro se motion (doc. 174) under 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge